UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRISTAN FANFAIR,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 11-CV-6251-WJM<br><br>MEMORANDUM<br>OPINION & ORDER |

    This matter comes before the Court on Plaintiff Tristan Fanfair's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will deny the application.

    Mr. Fanfair was charged on November 4, 2010 in a two-count indictment alleging he joined a conspiracy to distribute 500 grams or more of cocaine, and that he attempted to possess with intent to distribute 500 grams or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. At trial, a jury found Mr. Fanfair not guilty of the conspiracy count, but found him guilty of the possession count. On March 5, 2011, this Court sentenced Mr. Fanfair to 60 months imprisonment, the statutory mandatory minimum, to be followed by four years of supervised release. On October 1, 2011, Mr. Fanfair sent this Court a letter which the Court has construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On November 14, 2011, Mr. Fanfair made the pending motion requesting the Court appoint an attorney to represent him.

    Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id*. at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation

will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id*. at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id.*

      The majority of Mr. Fanfair's claims have no merit. First, Mr. Fanfair argues that he received ineffective assistance of counsel because his lawyer never objected to Mr. Fanfair being charged with an attempt. As he puts it: "I either feel like I have committed the crime or not." But one of the statutes with which he was charged, and of which he was found guilty of violating, makes clear that he can face criminal penalties for an attempt. 21 U.S.C. § 846 ("Any person who *attempts* or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.")(emphasis added). Second, Mr. Fanfair alleges that during plea negotiations prosecutors threatened that if he did not cooperate he would face substantial jail time. But the Third Circuit has previously recognized that a prosecutor does not violate due process when he threatens serious charges to induce a guilty plea and then carries out that threat after the defendant refuses to cooperate. *United States v. Paramo*, 998 F.2d 1212, 1221 (3d Cir. 1993). Third, Mr. Fanfair believes that his sentence is unfair because he did not have "anything to do with what was going on" – that is, he believes he was innocent. Unfortunately for Mr. Fanfair, the jury disagreed, and nothing in his petition even begins to suggest a basis for overturning that verdict.

      Mr. Fanfair does raise one claim that arguably has merit. He alleges that he told his lawyer he wished to file an appeal but his lawyer told him that he was unable to. While the Court has no factual proof before it, this allegation, if it proved to be true, could *possibly* be a basis for a claim for ineffective assistance of counsel. *See, e.g.*, *Young v. Piazza*, No. 07-5548, 2009 WL 463893, at *8 n.1 (E.D. Pa. 2009). Mr. Fanfair's petition does not contain enough facts to allow this Court to determine the merit of this claim because it does not explain the nature of the appeal he sought, the exact actions his counsel took or did not take, or the reasons for those actions as best as he understood them. It could be entirely possible that his lawyer was correct that he had no right to whatever appeal he wished to file.

      But even if the Court decides that this claim has some merit, there is no reason to request counsel in this case. While Mr. Fanfair has no legal training, the legal issues here are not complex and require no deep factual investigation or complicated argument; indeed, he likely has firsthand knowledge of all necessary facts. And there are no other circumstances – such as the need to elicit expert testimony – that would otherwise weigh in favor of requesting counsel.

For the foregoing reasons and for good cause shown;

**IT IS** on this 17th day of January 2012, hereby,

**ORDERED** that Mr. Fanfair's application is **DENIED.**

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**