UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**TRISTAN FANFAIR,**

       Petitioner,

  v.

**UNITED STATES,**

       Respondent.

Civ. No. 2:11-06251 (WJM)

**OPINION**

### WILLIAM J. MARTINI, U.S.D.J.:

    This matter comes before the Court on *pro se* Petitioner Tristan Fanfair's motion seeking post-conviction relief under 28 U.S.C. § 2255 ("Section 2255"). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is **DENIED**.

    Fanfair was charged on November 4, 2010 in a two-count indictment alleging he joined a conspiracy and attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. At trial, a jury found Fanfair not guilty of the conspiracy count, but found him guilty of the possession count. On March 5, 2011, this Court sentenced Fanfair to 60 months imprisonment, the statutory mandatory minimum, to be followed by four years of supervised release. On October 13, 2011, Fanfair filed the instant motion. Fanfair subsequently filed an application for *pro bono* counsel, which the Court denied on January 17, 2012. Application for *Pro Bono* Counsel; ECF No. 3, Order Denying Application for *Pro Bono* Counsel ("Order"); ECF No. 7.

    Section 2255 allows a person convicted of a federal crime to collaterally attack his conviction or sentence. Usually, petitioners cannot raise arguments in a motion under Section 2255 if they failed to raise those arguments at trial and on direct appeal. However, a petitioner can raise such "doubly defaulted" claims on a Section 2255 motion if he can demonstrate (1) "cause" justifying his default, and (2) prejudice. *U.S. v. Frady*, 456 U.S. 152, 167-68 (1982). "It is now well

established that a successful claim of ineffective assistance of counsel . . . satisfies the 'cause' prong of a procedural default inquiry." *U.S. v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999). In order to prevail on a claim of ineffective counsel, a petitioner must establish two elements. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense . . . as to deprive the defendant of a fair trial." *Id*. In the ineffective assistance of counsel context, prejudice means a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The instant motion under Section 2255 alleges three forms of ineffective assistance of counsel: (1) Fanfair's lawyer never objected to the attempt charge; (2) Fanfair's lawyer never objected to threats of substantial jail time made by the Government during plea negotiations; and (3) Fanfair's lawyer told Fanfair that he could not appeal "at this point."[1] These arguments fail.

First, Fanfair argues that his lawyer should have objected to the attempted possession charge. Fanfair claims, "I either feel like I have committed the crime or not." Petition at 1; ECF No. 1. As the Court noted in its Order denying Fanfair's application for *pro bono* counsel, 21 U.S.C. § 846 explicitly criminalizes attempt. Order at 2. It would have been futile for Fanfair's lawyer to argue otherwise.

Second, Fanfair argues that his lawyer should have objected when the Government threatened a long sentence during plea negotiations. But "no due process violation occurs simply because a prosecutor threatens a defendant with more serious charges to induce a guilty plea, and then carries out that threat after the defendant refuses to plead guilty." *U.S. v. Paramo*, 998 F.2d 1212, 1221 (3d Cir. 1993).

Third, Fanfair argues: "I would like to appeal and my lawyer stated that I am not able to at this point." Petition at 1. In its Order denying Fanfair's application for *pro bono* counsel, the Court noted that Fanfair's argument "could *possibly* be a basis for a claim for ineffective assistance of counsel," but it declined to rule on the question. Order at 2. Upon further consideration, the Court finds that Fanfair has not pled ineffective assistance of counsel. Fanfair filed his Section 2255 petition in October 2011, long after the time to file a direct appeal had expired. Accordingly, Fanfair's lawyer was correct: "at this point"—namely, at the time Fanfair filed his Section 2255 motion—Fanfair was "not able to" take a direct appeal. Ultimately, none of Fanfair's ineffective assistance of counsel arguments have merit.

---

[1] Fanfair also claims that he is innocent of the crime for which he was convicted. As the Court noted in its Order denying Fanfair's application for *pro bono* counsel, "nothing in his petition even begins to suggest a basis for overturning [Fanfair's] verdict." Order at 2.

2

## III. CONCLUSION

For the foregoing reasons, Fanfair's motion is **DENIED**.

 /s/ William J. Martini 

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 20, 2013**